UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

DIAMOND DRUMGOOLE, by her parent and natural
guardian, ANDREA DRUMGOOLE,

                                                        Plaintiff,

                              -against-

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; and P.O. FOLELY, the individual
defendants sued individually and in their official capacities,

                                                     Defendants.

**COMPLAINT**

07 CV 7703 (SHS) (MHD)

Jury Trial Demanded

ECF Case

------------------------------------------------------------------------ X

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from an incident, which occurred on or about April 4, 2006 in Bronx, New York. During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest and imprisonment, excessive force, malicious prosecution, an unlawful search and seizure, unlawful strip search, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, unconstitutional conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Bronx County. Moreover, the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Diamond Drumgoole is a citizen of the State of New York, Bronx County.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. Defendant Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

8. Defendant Folely is a New York City Police Officer employed with the 44th Precinct located in Bronx, New York who violated plaintiff's rights as described herein.

9. The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

10. The following is a summary set forth for the purpose of demonstrating and providing notice of plaintiff's claims against the defendants. Plaintiff has not set forth each and every fact concerning the incident(s) described below.

11. On April 24, 2006, at approximately 9:00 p.m., in the vicinity of 347 E. 173rd Street, Bronx, New York, police officers assigned to the 44th Precinct located in Bronx, New York, namely P.O. Folely, committed the following illegal acts against plaintiff as described below.

12. Plaintiff was near her home with her friends and sisters in the vicinity of 347 E. 173rd Street, Bronx, New York, when defendants P.O. Folely and another police officer, without either an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, approached plaintiff at the above stated location.

13. Once the officers approached plaintiff, she was not free to disregard the officers' questions or walk away.

14. Thereafter, defendant P.O. Folely maliciously, gratuitously, and unnecessarily grabbed plaintiff, twisted plaintiff's arms, and placed excessively tight handcuffs on plaintiff's wrists. Those officers who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

15. When plaintiff complained about the defendants' conduct and tried to explain that she was a minor, P.O. Folely, in retaliation for plaintiff's free speech, became verbally abusive in a police vehicle, and stated that she was going to be sent "Upstate."

16. Defendant Folely and the other officer transported plaintiff to the 44th Precinct, where P.O. Folely had a female officer subjected plaintiff to an illegal non-private strip

search without either an arrest warrant, a search warrant, probable cause, or reasonable suspicion to justify their actions. Indeed, upon information and belief, plaintiff had been arrested for charges that did not involve the possession and/or sale or weapons, narcotics or contraband.

17. P.O. Foley's strip search of plaintiff resulted in no narcotics, weapons or contraband being recovered from plaintiff.

18. Thereafter, defendant P.O. Folely detained plaintiff in a holding area while handcuffed in excessively tight handcuffs.

19. In addition, defendant P.O. Folely would not permit plaintiff to contact her family even though he know she was a minor.

20. Finally, P.O. Folely released plaintiff from the 44th Precinct without asserting any charges against plaintiff.

21. The individual defendants acted in concert committing these illegal acts against plaintiff.

22. Plaintiff did not resist arrest at any time during the above incidents.

23. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

24. The individual defendants did not observe plaintiff engage in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

25. At no time prior to or during the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person that plaintiff had engaged in suspicious, unlawful or criminal conduct.

26. The aforesaid events were not an isolated incident. Defendant Commissioner Raymond W. Kelly and supervising officers assigned to the 44th Precinct have been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, when to stop and frisk an individual, search an arrestee, strip search an arrestee and how to treat innocent and/or uninvolved individuals who are found in a location that is the subject an incident, investigation, or patrol. Commissioner Kelly and supervising officers assigned to the 44th Precinct are further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, Commissioner Kelly and supervising officers assigned to the 44th Precinct have failed to take corrective action. This failure caused the defendant police officers in the present case to violate the plaintiff's civil rights.

27. Moreover, Commissioner Kelly and supervising officers assigned to the 44th Precinct were aware prior to the incident that the defendant officers lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Commissioner Kelly and supervising officers assigned to the 44th Precinct have retained these officers, and failed to adequately train and supervise them.

28. Further, in Shain v. Ellison, 273 F.3d 56 (2d Cir. 2001), the Second Circuit held that the Fourth Amendment to the United States Constitution prohibits officials from performing strip searches of pretrial detainees charged with misdemeanors or other lesser offenses unless there exists reasonable suspicion that the detainee is concealing a weapon or other contraband based on the crime charged, the particular characteristics of the arrestee, or the circumstances of the arrest.

29. Plaintiff was charged with a misdemeanor when he was strip searched at the 79th Precinct.

30. NYPD has completely ignored the Second Circuit's mandate in <u>Shain</u> by continuing to enforce its unlawful strip search policy.

31. Plaintiff was subjected to NYPD's unlawful policy of strip-searching newly arrested individuals.

32. As a result of defendants' actions plaintiff experienced personal and physical injuries (including injuries to her wrists), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

**FEDERAL CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

33. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

34. The conduct of defendant officers, as described herein, amounted to false arrest and imprisonment, excessive force, malicious prosecution, an unlawful search and seizure, unlawful strip search, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, unconstitutional conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

35. The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by committing false arrest and imprisonment, excessive force, malicious prosecution, an unlawful search and seizure, unlawful strip search,

assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, unconstitutional conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

36. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of her rights secured by 42 U.S.C. §§ 1983 and 1985(3), First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

37. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

38. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

**FEDERAL CLAIMS AGAINST DEFENDANT KELLY**

39. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

40. Defendants Kelly is liable, in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices

occurred, (2) he was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

41. Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations, that the officers sued in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

42. Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

43. The aforesaid conduct by defendant Commissioner Kelly violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by failing to retrain the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred, or at Kelly's Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass and assault those question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees.

44. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

45. The aforesaid conduct of defendant Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees.

### FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK

46. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

47. The City of New York directly caused the constitutional violations suffered by plaintiff.

48. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from NYPD's own observations, that the officers involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

49. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, retrain, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass, assault citizens without consequence. Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

50. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees;

    d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
August 27, 2007

    MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiff*
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 643-2900
mhueston@nyc.rr.com
By:

_____
MICHAEL OLIVER HUESTON (MH-0931)