

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

Robyn N. Pullio
*Assistant Corporation Counsel*
Tel.: (212) 788-1090
Fax: (212) 788-9776

September 25, 2007

BY HAND
Honorable Sidney H. Stein
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: <u>Drumgoole v. The City of New York, et al.</u> 07 CV 7703 (SHS)

Dear Judge Stein:

      I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, assigned to the above-referenced case on behalf of defendants the City of New York and Police Commissioner Raymond W. Kelly. I am writing with the consent of plaintiff's counsel, Michael O. Hueston, Esq., to respectfully request: (1) that the City be granted a sixty (60) day enlargement of time from September 26, 2007, to November 25, 2007, to answer or otherwise respond to the complaint, and (2) that a corresponding adjournment of the initial conference, which is currently scheduled for October 11, 2007, at 11:30 a.m., to a later date convenient to the court after defendants' have filed their answer. This is City's first request for an enlargement of time in this action.

      The complaint alleges, inter alia, that plaintiff Diamond Drumgoole was subjected to false arrest and imprisonment; excessive force; malicious prosecution; and unlawful search and seizure. In addition to the City of New York and Police Commissioner Kelly, the complaint also purports to name Police Officer Folely as a defendant. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

      Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been served.[1] If service has been effectuated, then, pursuant to Section 50-k of the

---

[1] Although this office does not currently represent police officer Folely, and assuming he is properly served, this office also respectfully requests this extension on his behalf in order to prevent his defenses from being jeopardized while representational issues are being resolved.

1

New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. The individually named defendant must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. The City of New York et al., 64 N.Y.2d 800, 486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within requests to: (1) extend the City's time to answer the complaint until November 26, 2007, and (2) ~~adjourn the initial conference, which is currently scheduled for October 11, 2007, to a later date convenient to the court.~~ *The conference is adjourned to Nov. 30, at 10:00 am*

Thank you for your consideration in this regard.

Respectfully submitted,

Robyn N. Pullio (RP 7777)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:
BY FAX
Michael O. Hueston, Esq.
Attorney for Plaintiff
350 Fifth Avenue, Suite 4810
New York, New York 10118
Fax: (212) 643-2901

SO ORDERED 9/28/07

SIDNEY H. STEIN

2