UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

DIAMOND DRUMGOOLE, by her parent and
natural guardian, ANDREA DRUMGOOLE,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND W. KELLY; and P.O. FOLELY, the
individual defendants sued individually and in their
official capacities,

                              Defendants.
-----------------------------------------------------------------X

**ANSWER TO COMPLAINT**

**JURY TRIAL DEMANDED**

07 CV 7703 (SHS)

       Defendants the City of New York and Police Commissioner Raymond W. Kelly by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that the plaintiff purports to bring this action and to seek damages as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that the plaintiff purports to bring this action as stated therein.

       3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that the plaintiff purports to invoke this Court's jurisdiction as stated therein.

       4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that the plaintiff purports that venue is proper as stated therein.

       5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the complaint.

---

[1] On information and belief, the individual identified in the caption of the complaint as "P.O. Folely" has not yet been served with the summons and complaint in this action and is, therefore, not yet a defendant in this case.

6. Deny the allegations contained in paragraph "6" of the complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

7. Deny the allegations contained in paragraph "7" of the complaint, except admit that the City of New York maintains a police department and that Raymond Kelly is employed by the City of New York as the commissioner thereof.

8. Deny the allegations contained in paragraph "8" of the complaint, except admit that Robert N. Foley is employed by the City of New York as a police officer and was assigned to the 44th Precinct in April, 2006.

9. Deny the truth of the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to sue the individual defendants in their individual and official capacities.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint regarding who the plaintiff was with and whether the plaintiff was near her home, and admit that plaintiff encountered police in the vicinity of 347 E. 173rd Street, Bronx, N.Y., on April 4, 2006.

13. Admit the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was held in the juvenile room of the 44th Precinct with one hand handcuffed to a bar.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was released from the 44th Precinct.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. The allegations contained in paragraph "28" of the complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

51. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

52. Defendants City of New York and Police Commissioner Raymond W. Kelly have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

53. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

54. At all times relevant to the acts alleged in the complaint, Defendants City and their agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

55. Punitive damages cannot be recovered from the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

68. Plaintiff's claims may be barred in part by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

69. Plaintiff has not complied with the conditions precedent to suit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

70. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

71. The individual defendant, Police Commissioner Raymond W. Kelly, has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

72. At all times relevant to the acts alleged in the complaint, the individual defendant acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

73. Police Commissioner Raymond W. Kelly had no personal involvement in plaintiff's arrest.

**WHEREFORE,** defendants the City of New York and Police Commissioner Raymond W. Kelly request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        November 26, 2007

MICHAEL A. CARDOZO
  Corporation Counsel of
  the City of New York
Attorney for defendants
  City of New York and
  Police Commissioner Raymond W. Kelly
100 Church Street
New York, New York 10007
(212) 788-1090

By: _____
    ROBYN N. PULLIO (RP 7777)